UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TEQUILA L. COLE,

                Plaintiff,

v.

                Case No. 22-CV-1408-JPS

CAROL BOEHNLEIN,

                Defendant.

**ORDER**

Plaintiff Tequila L. Cole, an inmate confined at Taycheedah Correctional Institution ("TCI"), filed a pro se complaint under 42 U.S.C. § 1983 alleging that Defendant Carol Boehnlein ("Boehnlein") violated her constitutional rights by performing an illegal strip search. On April 12, 2023, the Court screened Plaintiff's original complaint, found that it failed to state a claim, and allowed Plaintiff the opportunity to file an amended complaint. ECF No. 9. This Order screens Plaintiff's amended complaint, ECF No. 10.

**1.    SCREENING THE AMENDED COMPLAINT**

    **1.1    Federal Screening Standard**

Under the PLRA, the Court must screen complaints brought by prisoners seeking relief from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the Court applies the same standard that applies to dismissals under Federal Rule of

Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived her of a right secured by the Constitution or the laws of the United States and that whoever deprived her of this right was acting under the color of state law. *D.S. v. E. Porter Cnty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The Court construes pro se complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

### 1.2 Plaintiff's Allegations

Plaintiff's allegations stem from an alleged illegal search of her person at TCI on September 7, 2022. ECF No. 10 at 2. Defendant Boehnlein approached Plaintiff and told her that she had witnessed an exchange between Plaintiff and another inmate. *Id.* Boehnlein informed Plaintiff that she wanted to perform a PAT, or personal, search and Plaintiff complied. *Id.* Boehnlein began the search at the back of Plaintiff's neck and proceeded down her chest area between and under Plaintiff's breasts and then under

her arms. *Id.* Boehnlein then placed two fingers in Plaintiff's waistline, shook her pants, checked both pockets, and rubbed down both legs with open palms. *Id.*

Boehnlein used excessive force by violently chopping between inner thigh and groin area causing pain when she chopped "to invasively travel through [Plaintiff's] pelvis region and cliterious[sic] to hurt." *Id.* Plaintiff flinched at this connection. *Id.* Boehnlein then reached from behind Plaintiff on her right sing and fondled up her vagina and caressed multiple times with her fingers. *Id.* at 3. Boehnlein asked what was in Plaintiff's underwear and Plaintiff stated that it was a "kite." *Id.* Boehnlein asked Plaintiff to hand it over but Plaintiff replied, "No. You are not suppose to grope and stroke my vagina." Plaintiff told Boehnlein that she felt violated by her actions. *Id.* Boehnlein replied that she could do whatever she wanted to Plaintiff. *Id.*

Boehnlein did not explain what she was doing during the PAT search and Plaintiff did not give Boehnlein permission to touch her vagina. *Id.* A supervisor responded to the call and Plaintiff was prepared for transportation to restricted housing. *Id.* Plaintiff was transported to RHU where the kite was removed. *Id.* Psychologist DeBruin was called for the crisis and Plaintiff explained what happened. *ID.* DeBruin filed a PREA incident report. *Id.* Plaintiff acknowledges that Boehnlein was within her right to perform a PAT search; however, Plaintiff maintains that the manner of the search violated proper protocol and the Eighth Amendment by groping, fondling, caressing, and stroking Plaintiff's vagina and leaving her feeling molested. *Id.* at 3-4. The search was performed in the middle of a hallway connected to locations and left Plaintiff feeling embarrassed, humiliated, and shamed. *Id.* at 4.

### 1.3 Analysis

The Court will allow Plaintiff to proceed on a Fourth Amendment claim against Boehnlein for conducting an unconstitutional strip search. The Eighth Amendment safeguards prisoners against searches that correctional officers subjectively intend as a form of punishment. *Henry v. Hulett*, 969 F.3d 769, 781 (7th Cir. 2020). A strip search of a prisoner violates the Eighth Amendment if its purpose is "maliciously motivated, unrelated to institutional security, and hence totally without penological justification." *Chatman v. Gossett*, 766 F. App'x 362, 364 (7th Cir. 2019) (quoting *Whitman v. Nesic*, 368 F.3d 931, 934 (7th Cir. 2004)). A strip search is penologically justified when it is reasonably related to finding contraband that threatens the safety and security of the prison. *Id.* (citing *Peckham v. Wis. Dep't of Corr.*, 141 F.3d 694, 695, 697 (7th Cir. 1998)); *Del Raine v. Williford*, 32 F.3d 1024, 1029, 1041 (7th Cir. 1994)).

The Eighth Amendment focuses on the defendants' subjective state of mind. *Henry*, 969 F.3d at 781. But the Fourth Amendment focuses on objective reasonableness, and thus "a defendant's subjective state of mind is irrelevant to a court's Fourth Amendment analysis." *Id.* "The Fourth Amendment thus protects prisoners from searches that may be related to or serve some institutional objective, but where guards nevertheless perform the searches in an unreasonable manner, in an unreasonable place, or for an unreasonable purpose." *Id.* When evaluating a prisoner's claim involving a strip search under the Fourth Amendment, a court "must assess that search for its reasonableness, considering 'the scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it is conducted.

Page 4 of 7
Case 2:22-cv-01408-JPS   Filed 10/31/23   Page 4 of 7   Document 11

Applying that standard here, the Court finds that Plaintiff may proceed against Boehnlein for a Fourth Amendment claim. Plaintiff acknowledges that Boehnlein's PAT search generally served an institutional objective. However, Plaintiff maintains that the manner and location of the search was unreasonable and therefore unconstitutional. As the pleading stage, the Court finds Plaintiff's allegations sufficient to proceed on a Fourth Amendment claim.

## 2. CONCLUSION

In light of the foregoing, the Court finds that Plaintiff may proceed on the following claim pursuant to 28 U.S.C. § 1915A(b):

**Claim One:** Fourth Amendment claim against Defendant Boehnlein for conducting an illegal strip search.

Defendant should take note that, within forty-five (45) days of service of this Order, she is to file a summary judgment motion that raises all exhaustion-related challenges. The Court will issue a scheduling order at a later date that embodies other relevant deadlines.

Accordingly,

**IT IS FURTHER ORDERED** that under an informal service agreement between the Wisconsin Department of Justice and this Court, a copy of the complaint and this Order have been electronically transmitted to the Wisconsin Department of Justice for service on Defendant **Boehnlein**;

**IT IS FURTHER ORDERED** that under the informal service agreement, Defendant shall file a responsive pleading to the complaint within sixty (60) days;

**IT IS FURTHER ORDERED** that Defendant raise any exhaustion-related challenges by filing a motion for summary judgment within forty-five (45) days of service;

**IT IS FURTHER ORDERED** if Defendant contemplates a motion to dismiss, the parties must meet and confer before the motion is filed. Defendant should take care to explain the reasons why they intend to move to dismiss the complaint, and Plaintiff should strongly consider filing an amended complaint. The Court expects this exercise in efficiency will obviate the need to file most motions to dismiss. Indeed, when the Court grants a motion to dismiss, it typically grants leave to amend unless it is "certain from the face of the complaint that any amendment would be futile or otherwise unwarranted." *Harris v. Meisner*, No. 20-2650, 2021 WL 5563942, at *2 (7th Cir. Nov. 29, 2021) (quoting *Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 524 (7th Cir. 2015)). Therefore, it is in both parties' interest to discuss the matter prior to motion submissions. Briefs in support of, or opposition to, motions to dismiss should cite no more than ten (10) cases per claim. No string citations will be accepted. If Defendant files a motion to dismiss, Plaintiff is hereby warned that she must file a response, in accordance with Civil Local Rule 7 (E.D. Wis.), or she may be deemed to have waived any argument against dismissal and face dismissal of this matter with prejudice.

Dated at Milwaukee, Wisconsin, this 31st day of October, 2023.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

Plaintiffs who are inmates at Prisoner E-Filing Program institutions shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. Prisoner E-Filing is mandatory

for all inmates at Columbia Correctional Institution, Dodge Correctional Institution, Green Bay Correctional Institution, Oshkosh Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility.

Plaintiffs who are inmates at all other prison facilities, or who have been released from custody, will be required to submit all correspondence and legal material to:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

**DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS**. If mail is received directly to the Court's chambers, **IT WILL BE RETURNED TO SENDER AND WILL NOT BE FILED IN THE CASE**.

Plaintiff is further advised that failure to timely file any brief, motion, response, or reply may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. **IF PLAINTIFF FAILS TO PROVIDE AN UPDATED ADDRESS TO THE COURT AND MAIL IS RETURNED TO THE COURT AS UNDELIVERABLE, THE COURT WILL DISMISS THIS ACTION WITHOUT PREJUDICE**.